For the reasons stated, the judgment is

Reversed.

Judges HEDRICK and BALEY concur.

STATE OF NORTH CAROLINA v. CARL MICHAEL REID, JR., DAVID BERNARD McNEELY AND DELTON HARRIS

No. 7419SC674

(Filed 2 October 1974)

**Robbery § 4— armed robbery — sufficiency of evidence**

The State's evidence was sufficient for the jury in a prosecution of three defendants for the armed robbery of the cashiers of a Kwik-Pik store where it tended to show that a black male and several other persons entered the store and took the store's money by use of a gun, a witness saw one defendant at a car near the store, saw several black males run to the car from the direction of the store and saw the defendant who stayed with the car drive it away, the car fled when officers tried to stop it within a half hour after the robbery, gunshots were fired from the fleeing car, the car wrecked, the three defendants were found in or lying near the wrecked car, a pistol was found near the car, and money, moneybags taken from the Kwik-Pik and wire similar to that used to tie the hands of the cashiers were found in the wrecked car.

APPEAL by defendants from *Exum, Judge,* 18 February 1974 Criminal Session of Superior Court held in ROWAN County.

By separate bills of indictment, defendants were charged with the armed robbery of Margie DeHart and Ruby Barr, operators or cashiers of a Kwik-Pik store, on 17 September 1973. Defendants pleaded not guilty, a jury found them guilty as charged, and the court entered judgments imposing lengthy prison sentences from which they appealed.

*Attorney General Robert Morgan, by Associate Attorney Thomas M. Ringer, Jr., for the State.*

*Burke, Donaldson & Holshouser, by Arthur J. Donaldson, for defendant appellant Carl Michael Reid, Jr.*

*Richard F. Thurston for defendant appellant David Bernard McNeely.*

*J. Stephen Gray for defendant appellant Delton Harris.*

BRITT, Judge.

Defendants assign as error the failure of the court to allow their respective motions for nonsuit. They offered no evidence and the evidence for the State is summarized in pertinent part as follows:

On the evening of 17 September 1973, Margie DeHart and Ruby Barr (hereinafter referred to as cashiers) were employed in the operation of a Kwik-Pik store at 2700 West C Street in Kannapolis. On that date, R. J. Kellerman resided about half a block from the Kwik-Pik store on the same side of the street. There was a wooded lot between Kellerman's home and the store.

Around 7:30 p.m. on that date, Kellerman returned to his home and observed defendant Reid in or near the street in front of the Kellerman home. Reid was standing in front of a 1967 or 1968 model Cadillac with its hood raised. There were five black people in the car at the time. Kellerman asked defendant Reid if he needed any help; Reid replied that his car had overheated and stalled but as soon as it cooled off he would "be on his way." Kellerman then entered his home and did not go out again until about 9:00 p.m.

At approximately 9:00 p.m., a black male entered the Kwik-Pik, pointed a blue steel revolver at the cashiers and told them to "hit the floor." Several other persons then entered the store but the cashiers did not see their faces. The hands of one of the cashiers were tied together with wire. The cashiers recognized the man with the gun but he is not one of the three defendants involved here. One of the cashiers opened the register and safe and the men took $1,886 that was in a moneybag and a red change bag; they then tied her hands behind her back with wire. They also took the keys to the register, one of the cashier's house key and the cashiers' purses.

At about 9:00 p.m., Kellerman came out of his house and observed that defendant Reid, then alone, and the Cadillac with hood raised were still on the street. Very soon thereafter, several black males came running across the wooded lot; they and defendant Reid quickly entered the car and Reid drove it away. Kellerman did not recognize anyone except Reid.

At 9:05 or 9:10 p.m. Officers Harrington and Crest arrived at the Kwik-Pik, untied the cashiers and called in a description of the car. Between 9:00 and 9:30 p.m., or "maybe a little later," Officer Sherrill saw a two-tone Cadillac which appeared to have two subjects in the front seat. He followed and stopped the car. As the officer got out of his car, the Cadillac sped away. He radioed for assistance and chased the car at speeds of 80-90 m.p.h. for twenty miles. Gunshots were fired at his car from the driver's side of the Cadillac but he was not sure whether the shots came from the front or the back seat. Thereafter, the Cadillac burst into smoke and turned into a ditch. The officer jumped out of his car, ran to the Cadillac and there found two or three black males on the ground and Reid in the Cadillac. One black, unidentified male ran into the woods.

A second police officer, Powell, also chased the Cadillac, saw three or four black males in it, saw it wreck, and saw occupants jump out of the car and try to escape. Officer Powell quickly alighted from his car and captured defendants Harris and McNeely. Powell saw another occupant of the Cadillac run into the woods but could not identify him. A pistol and a green money-bag were found near defendants Harris and McNeely on the ground. The red change bag taken from the store was in the car.

Officers Harrington and Crest arrived at the scene of the accident at about 10:00 p.m. and the three defendants were in the custody of Officer Powell. Officers Crest and Harrington examined the car and, in the back seat, found money and money-bags identified as that taken from the Kwik-Pik. They also found some wire similar to that used to tie the hands of the cashiers; also a revolver containing three spent shells in the cylinder.

We hold that the evidence was sufficient to survive the motions for nonsuit and the assignment of error is overruled.

The other assignments of error brought forward and argued in defendants' briefs relate to the court's charge to the jury. Suffice it to say, we have carefully reviewed the charge and

conclude that it is free from prejudicial error. The assignments of error are overruled.

No error.

Judges HEDRICK and BALEY concur.